Beth E. Levine, Esq.
Andrew W. Caine, Esq. (admitted *pro hac vice*)
Jeffrey P. Nolan, Esq. (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
blevine@pszjlaw.com
acaine@pszjlaw.com
jnolan@pszjlaw.com

*Counsel to Plaintiff, the Official Committee of Unsecured Creditors*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 15-23007 (RDD)<br><br>(Jointly Administered) |
| THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS on behalf of the bankruptcy estate of THE GREAT ATLANTIC & PACIFIC TEA COMPANY, INC., et al.<br><br>                  Plaintiff,<br><br>   v.<br><br>ALAN S. GOODMAN INC.,<br><br>                  Defendant. | Adv. Proc. No. 17-_____ (RDD) |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are as follows: 2008 Broadway, Inc. (0986); The Great Atlantic & Pacific Tea Company, Inc. (0974); A&P Live Better, LLC (0799); A&P Real Property, LLC (0973); APW Supermarket Corporation (7132); APW Supermarkets, Inc. (9509); Borman's, Inc. (9761); Delaware County Dairies, Inc. (7090); Food Basics, Inc. (1210); Kwik Save Inc. (8636); McLean Avenue Plaza Corp. (5227); Montvale Holdings, Inc. (6664); Montvale-Para Holdings, Inc. (2947); Onpoint, Inc. (6589); Pathmark Stores, Inc. (9612); Plainbridge LLC (5965); Shopwell, Inc.(3304); Super Fresh Food Markets, Inc. (2491); The Old Wine Emporium of Westport, Inc. (0724); Tradewell Foods of Conn., Inc. (5748); and Waldbaum, Inc. (8599).

## COMPLAINT FOR AVOIDANCE AND RECOVERY
## OF PREFERENTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§ 547 & 550

Plaintiff, the Official Committee of Unsecured Creditors on behalf of the bankruptcy estate of The Great Atlantic & Pacific Tea Company, Inc. and its affiliated debtors (the "Plaintiff"), for its *Complaint for Avoidance and Recovery of Preferential Transfers Pursuant to 11 U.S.C. §§ 547 & 550* against Alan S. Goodman Inc. (the "Defendant"), alleges as follows:

### Nature of the Action

1. The Plaintiff brings this action against the Defendant to avoid and recover certain preferential transfers that occurred during the 90-day period prior to commencement of the Debtors' bankruptcy cases.

### The Parties

2. On July 24, 2015, the Office of the United States Trustee appointed the Plaintiff--Official Committee of Unsecured Creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code. The Committee consists of (i) 1199SEIU Health Care Employees Pension Fund, (ii) Basser-Kaufman, Inc., (iii) C&S Wholesale Grocers, Inc., (iv) CBA Industries, Inc., (v) McKesson Corporation, (vi) Pension Benefit Guaranty Corporation and (vii) United Food and Commercial Workers International Union.

3. Pursuant to its Order (A) Approving Global Settlement Agreement and (B) Further Amending Debtors' Authority to Use Cash Collateral Pursuant to 11 U.S.C. §§ 105 and 363(c)(2) (ECF No. 2868) (the "Settlement Order"), the Court granted authority for the Committee to prosecute avoidance actions on behalf of the Debtors' estates, with settlement

authority to be determined by the Committee, Debtors and Lenders (collectively, the "Review Parties"). Settlement Order, at ¶ 5.[2]

4. Upon information and belief, the Defendant is a corporation formed under the laws of the State of Connecticut that maintains its principal place of business at 180 Goodwin Street, East Hartford, Connecticut.

## Jurisdiction and Venue

5. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 363(b), 1103(c) and 1107 (a) of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 9019(a).

6. This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 547 and 550 of the Bankruptcy Code.

## Case Background

7. On July 19, 2015 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in these cases.

---

[2] Terms defined herein shall have the meaning ascribed to them in the Global Settlement Agreement.

8. The Debtors' Chapter 11 Cases are jointly administered under Case No. 15-23007 (RDD).

## Facts

9. The Debtors are one of the nation's oldest retailers. The Debtors' primary retail operations consisted of supermarkets operated under a variety of trade names, or "banners," including A&P, Waldbaum's, SuperFresh, Pathmark, Food Basics, The Food Emporium, Best Cellars, and A&P Liquors.

10. Prior to the Petition Date, Debtor The Great Atlantic & Pacific Tea Company, Inc. ("A&P") made certain payments to Defendant for goods and/or services provided to the Debtors pursuant to invoices or statements submitted by Defendant to the Debtors, including but not limited to the transactions between the parties identified on Exhibit A attached hereto.

11. During the ninety days prior to the Petition Date, A&P made payments to or for the benefit of the Defendant, including those identified on Exhibit A attached hereto (collectively, the "Transfers"). Exhibit A sets forth the details of each of the Transfers, including check or payment number, payment date, clear date, and payment amount. The aggregate amount of the Transfers is not less than $639,058.74.

12. Although it is possible some Transfers might be subject in whole or in part to defenses under 11 U.S.C. § 547(c), Defendant bears the burden of proof pursuant to 11 U.S.C. § 547(g) to establish any defense(s) under 11 U.S.C. § 547(c). Plaintiff sent an advance demand letter to Defendant inviting an exchange of information regarding any potential defenses, but the parties were unable to reach any resolution as to validity of the defenses.

## First Claim for Relief

### (Avoidance of Preferential Transfers—11 U.S.C. § 547)

13. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 12, above, as though fully set forth at length.

14. Within the ninety days prior to the Petition Date, A&P made the Transfers to Defendant in the total amount of $639,058.74, as more specifically described in Exhibit A.

15. Each of the Transfers to the Defendant was a transfer of property of the Debtors.

16. Each of the Transfers to the Defendant was made to or for the benefit of the Defendant.

17. The Defendant was a creditor of the Debtors (within the meaning of 11 U.S.C. § 110(10)) at the time each of the Transfers was made or, alternately, received the Transfers for the benefit of a creditor or creditors of the Debtors.

18. Each of the Transfers to the Defendant was made on account of an antecedent debt owed by the Debtors to the Defendant before the Transfer was made.

19. Each of the Transfers was made while A&P was insolvent. A&P is presumed to be insolvent during the 90 days preceding the Petition Date pursuant to 11 U.S.C. § 547(f).

20. Each of the Transfers enabled the Defendant to receive more than the Defendant would have received if (i) the transfers and/or payments had not been made, and (ii) the Defendant received payment on account of the debt paid by each of the Transfers to the extent provided by the Bankruptcy Code.

21. As of the date hereof, the Defendant has not returned any of the Transfers to the Plaintiff.

22. The Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547 that the Transfers are avoided.

### Second Claim for Relief

### (Recovery of Property—11 U.S.C. § 550)

23. The Plaintiff repeats and realleges the allegations in paragraphs 1 through 22, above, as though fully set forth at length.

24. Pursuant to 11 U.S.C. § 550(a), to the extent that a transfer is avoided under 11 U.S.C. § 547, the Plaintiff may recover for the benefit of the estate the property transferred or the value of such property from (a) the initial transferee of such transfer or the entity for whose such transfer was made or (b) any immediate or mediate transferee of such initial transferee.

25. The Defendant is either the (a) initial transferee of the Transfers, the entity for whose benefit the Transfers were made, or (b) an immediate or mediate transferee of the initial transferee.

26. Subject to the Defendant's potential defenses, the Plaintiff is entitled to recover the value of the Transfers pursuant to 11 U.S.C. § 550(a).

**WHEREFORE,** the Plaintiff prays for judgment as follows:

1. For a determination that each of the Transfers is avoidable as a preferential transfer under Section 547 of the Bankruptcy Code, and that the Plaintiff is entitled to recover the Transfers in the total amount of $639,058.74 under Section 550 of the Bankruptcy Code;

2. For costs of suit incurred herein, including, without limitation, attorneys' fees;

3. For pre- and post-judgment interest on the judgment amount to the fullest extent allowed by applicable law; and

4. For such other and further relief as the Court may deem just and proper.

Dated: July 13, 2017
New York, NY

_____
Beth E. Levine
Andrew W. Caine (admitted *pro hac vice*)
Jeffrey P. Nolan (admitted *pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
780 Third Avenue, 34th Floor
New York, New York 10017
Telephone: (212) 561-7700
Facsimile: (212) 561-7777
Email: blevine@pszjlaw.com
acaine@pszjlaw.com
jnolan@pszjlaw.com

*Counsel to Plaintiff, the Official Committee of Unsecured Creditors*

Service List

Alan S. Goodman Inc.
Attn: Roger S. Loeb, registered agent
180 Goodwin Street
East Hartford, CT 06108

BERDON, YOUNG & MARGOLIS, P.C.
Attn: Stuart Margolis, Counsel for Defendant
350 Orange Street, 2nd Floor
New Haven, CT 06511

DOCS_LA:306670.2 00263/003